IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK & DEDHAM MUTUAL INSURANCE COMPANY, a/s/o 17-19 AVON STREET CONDOMINIUM TRUST<br>222 Ames Street<br>Dedham, MA 02026<br><br>-and-<br><br>CITATION INSURANCE COMPANY, a/s/o PETER and NATALIE GENERASIO<br>211 Main Street<br>Webster, MA 01570<br><br>Plaintiffs,<br><br>vs.<br><br>RESEARCH PRODUCTS CORPORATION, t/a APRILAIRE<br>1015 E. Washington Ave.<br>Madison, WI 53703<br><br>Defendant. | Case No.<br><br>10-12258<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Norfolk & Dedham Mutual Insurance Company, as subrogee of 17-19 Avon Street Condominium Trust, and Citation Insurance Company, as subrogee of Peter and Natalie Generasio, by and through its undersigned attorney, Cozen O'Connor and Melick, Porter & Shea, LLP, for its Complaint against defendant Research Products Corporation, alleges the following:

### PARTIES

1. Plaintiff, Norfolk & Dedham Mutual Insurance Company ("the plaintiff"), is a corporation duly organized and existing under the laws of the State of Massachusetts, with its

principal place of business located at 222 Ames Street, Dedham, Massachusetts, and at all times relevant hereto was duly authorized to issue insurance policies in the State of Rhode Island.

2. At all times material herein, 17-19 Avon Street Condominium Trust was the owner of the property located at 17-19 Avon Street, Natick, Massachusetts. The 17-19 Avon Street Condominium Trust was insured through a policy of insurance issued by the plaintiff, policy number R0635129A, which insured it against, *inter alia*, damages to real property, as well as lost rents.

3. Plaintiff, Citation Insurance Company ("the plaintiff"), is a corporation duly organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 211 Main Street, Webster, Massachusetts, and at all times relevant hereto was duly authorized to issue insurance policies in the State of Massachusetts.

4. At all times material herein, Peter and Natalie Generasio owned personal property located at 17-19 Avon Street, Natick, Massachusetts, and were insured through a policy of insurance issued by Commerce Insurance Company, which insured him against, *inter alia*, damages to personal property, as well as extra expense.

5. Defendant, Research Products Corporation is a corporation organized and existing under the laws of Wisconsin, with a principal place of business located at 1015 E. Washington Avenue, Madison, WI 53703, and at all times relevant hereto was in the business of designing, manufacturing, assembling, selling and supplying air purifiers marketed under the Aprilaire brand name.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

8. In or about 2007, the plaintiff 17-19 Avon Street constructed the condominium located at 17-19 Avon Street in Natick, Massachusetts. An Aprilaire air purifier was installed on the return air ductwork for the HVAC system.

9. The air purifier, at all times relevant hereto, was manufactured, designed, assembled and/or supplied by defendant.

10. On August 23, 2010, a fire originated in the air purifier due entirely to the defective condition of the Aprilaire air purifier contained therein, which fire caused extensive damage to the real and personal property of the plaintiffs' insureds and caused them to sustain extra expenses.

11. At all times material herein, the plaintiffs' insureds employed the Aprilaire air purifier for the use for which it was intended, in the absence of any abuse and/or misuse.

12. As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff Dedham and Norfolk Mutual Insurance Company has paid or will pay the 17-19 Avon Street Condominium Trust the fair and reasonable cost of repairing and/or replacing the damaged real property, as well as the extra expense and lost rents incurred by its insured on account of the fire. As a result of said payments, the plaintiff is both legally and equitably

subrogated to any and all claims that 17-19 Avon Street Condominium Trust may have against the defendant.

13. As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff Commerce Insurance Company has paid Peter and Natalie Generasio the fair and reasonable cost of repairing and/or replacing the damaged personal property, as well as the additional living and extra expenses incurred by its insured on account of the fire. As a result of said payments, the plaintiff is both legally and equitably subrogated to any and all claims that Peter and Natalie Generasio may have against the defendant.

## COUNT I
## NEGLIGENCE

14. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 13 as though each were fully set forth at length herein.

15. The fire referred to above and consequent damage and destruction to the insureds' real and personal property was caused by the negligence, carelessness, gross negligence and negligent omissions of defendant Aprilaire, its agents, servants and/or employees in:

    (a)    improperly designing an air purifier which allowed a fire originating in the air purifier to escape outside the product and communicate to surrounding combustible materials;

    (b)    supplying a defectively manufactured and/or designed product which it knew or should have known subjected plaintiff's property to an unreasonable risk of harm;

16. By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of defendant, the fire referred to above took place and resulted in damage and destruction to plaintiffs' insureds' property.

WHEREFORE, the plaintiffs demand judgment against the defendant in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY

17. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 16 as though each were fully set forth at length herein.

18. The defendant failed to provide an air purifier that was fit and adequate for its foreseeable and intended use and free from defects in its design, manufacture, assembly and/or warnings and instructions, which constitutes a breach of its warranties and obligations, for which the defendants are liable strictly liable in warranty and tort.

19. As a direct and proximate result of the above breaches of warranty, the fire occurred and resulted in extensive damage to the property owned by plaintiffs' insureds.

WHEREFORE, the plaintiffs demand judgment against the defendant in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

Dated: December 29, 2010

                Respectfully submitted,
                Plaintiffs Norfolk & Dedham Mutual Insurance
                Company and Citation Insurance Company

                By its attorney,

By:   /s/Patrick J. Loftus, III
      PATRICK J. LOFTUS, III
      BBO #303310
      9 Park Street, Suite 500
      Boston, MA 02108
      (617) 723-7770

OF COUNSEL:
Matthew F. Noone, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
(215) 665-2192